IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ASIA JOHNSON, )
)
        Plaintiff, )
) Civil Action No. 18-443
v. )
)
MUNHALL POLICE CHIEF )
CAMPBELL, )
)
        Defendant. )

## MEMORANDUM OPINION

Plaintiff Asia Johnson ("plaintiff"), *pro se*, filed an "Application to Proceed in District Court Without Prepaying Fees or Costs," (ECF No. 1), with an attached complaint that purports to sue Munhall Police Chief Campbell. The complaint indicates that this court's jurisdiction over the complaint is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (ECF No. 3 at 4). The statement of plaintiff's claim against Campbell in its entirety is: "The Munhall Police has called me out my name on video because of my native history and belief discrimination on my mental health and I have a video of the officer saying he want to hurt me he has noting better to do also letting people come to my home with guns and not taking my report. I have videos of a men say the Police are with him." (ECF No. 3 at 5). With respect to relief the complaint states that plaintiff seeks "copyrighted work" and "address pic." (ECF No. 3 at 6).

This court granted plaintiff leave to proceed *in forma pauperis* based on her showing of indigence. Gray v. Martinez, 352 F. App'x 656, 658 (3d Cir. 2009) (indicating that in "this Circuit, . . . if [the court] is convinced that [plaintiff] is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis* . . . [and] thereafter considers the separate question whether the complaint should be dismissed."). Pursuant to 28 U.S.C. §

1915(e), prior to ordering service of the complaint without payment of the filing fee, however, the court must dismiss the case if it determines that the action is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii). Roman v. Jeffes, 904 F.2d 192, 195 ("the appropriate time to make a decision to dismiss a case pursuant to § 1915 is before service of a complaint). Additionally, under Federal Rule of Civil Procedure 12(h)(3), "[i[f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915, is to assure equal and meaningful access to the courts for indigent litigants. Neitzke v. Williams, 490 U.S. 319, 324, 329 (1989). Congress also provided in the *in forma pauperis* statute for dismissal of complaints under certain circumstances in order to "prevent abusive or captious litigation" that could result because a plaintiff proceeding *in forma pauperis* does not have the economic incentive ordinarily created by otherwise required filing fees and costs to refrain from filing frivolous, malicious or repetitive lawsuits. Neitzke, 490 U.S. at 324.

A complaint filed pursuant to the *in forma pauperis* statute is subject to preservice dismissal under § 1915(e)(2)(B)(i)[1] where it is based upon indisputably meritless legal theory or factual assertions that are clearly baseless. Neitzke, 490 U.S. at 327. In determining whether the factual assertions are clearly baseless, and the complaint therefore is frivolous, the court may pierce the veil of the complaint and need not accept its allegations as true. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Examples of baseless claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." 490 U.S. at 328. Additionally, as provided for expressly by § 1915(e)(2)(ii), the court also must

---

[1] Section 1915(e)(2)(B) was formerly codified at § 1915(d).

dismiss the complaint preservice if it fails to state a claim on which relief can be granted, applying the same standard for dismissing a claim under Federal Rule of Civil Procedure 12(b)(6). Scheib v. Butcher, Civ. Act. No. 14-cv-1247, 2014 WL 4851902, at * 1 (W.D. Pa. Sept. 25, 2014).

Plaintiff bears the burden to establish the existence of federal jurisdiction over this action, Packard v. Provident National Bank, 994 F.2d 1039, 1045 (3d Cir. 1993), and "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3)). Plaintiff's complaint indicates that the basis for federal court jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332 by checking the box for diversity on the complaint form. The complaint also indicates that plaintiff and defendant are both citizens of Pennsylvania. (ECF No. 3 at 4). Thus, the claimed basis for the court's jurisdiction, diversity jurisdiction under 28 U.S.C. § 1332(a)(2) (providing for the court's original jurisdiction over matters between citizens of different States), is clearly lacking. Accordingly, the complaint must be dismissed for lack of jurisdiction. Additionally, with respect to the amount in controversy, plaintiff indicates only that the amount is above the jurisdiction threshold of $75,000.00 based on "loses of information," (ECF No. 3 at 5), which is conclusory which does not provide a solid basis for the court to determine the amount in controversy, supporting dismissal of this action under Federal Rules of Civil Procedure 12(h)(3) and 12(b)(6).

Upon review of the complaint, and giving it the most liberal construction, Erickson v. Pardus, 551 U.S. 89 (2007), the court determines that not only does the court lack subject-matter jurisdiction, but also the complaint is legally frivolous and fails to state a claim. Accordingly, it must dismiss the complaint in its entirely on these bases as well.

3

Ordinarily, upon dismissing a complaint a court must grant plaintiff the opportunity to amend, if amendment can cure the deficiencies in the complaint. Where, however, amendment cannot cure the deficiencies, such as where the complaint is frivolous under § 1915(e)(2)(B)(i), or the court lacks jurisdiction, the court may dismiss the complaint with prejudice without leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend."). In reviewing plaintiff's disjointed and vague allegations, the court determines that there is no claim based on the averments over which it would have jurisdiction or that could be cured by amendment. Because the court determines that the complaint is frivolous and fails to state a claim, and that the court lacks jurisdiction, it will dismiss the complaint pursuant to § 1915(e)(2)(B)(i) and (ii) and Federal Rule of Civil Procedure 12(h)(3) without leave to amend.

      An appropriate order follows.

Dated: May 25, 2018

By the court,

s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

cc:    Asia Johnson
       1807 West St., Apt. 2
       Munhall, PA 15120